**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAOLY SOUVANNAKILY,

Defendant-Appellant.

No. 10-3325
(D.C. No. 6:10-CR-10041-WEB-7)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **KELLY** and **MURPHY**, Circuit Judges.

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Saoly Souvannakily's plea agreement or to dismiss the appeal as untimely. The defendant pleaded guilty to possession with intent to distribute approximately 498.2 grams of a mixture containing cocaine in violation of 21 U.S.C. § 841(a). As part of the plea agreement, the defendant

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

waived his right to appeal his conviction or his sentence, provided his sentence was within the guideline range determined appropriate by the district court. The district court determined that the guideline range was 46 to 57 months' imprisonment, and sentenced him to 46 months' imprisonment, which was below the statutory maximum of 20 years' imprisonment and at the low end of the advisory guideline range. Nevertheless, the defendant has filed a notice of appeal, seeking to challenge the district court's inclusion of additional illegal cocaine in determining his base offense level.

Timeliness of Appeal. The government's motion states that the defendant's appeal is untimely and should be dismissed. The notice of appeal was filed on December 7, 2010, nineteen days after the district court entered judgment. The government's motion to dismiss was filed in this court on January 4, 2011. Thereafter, on January 13, 2011, the defendant filed a motion in the district court requesting an extension of time to file the notice of appeal, noting that the government did not oppose an retroactive extension of time for filing the notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(b)(4), the district court found good cause to excuse the delay and entered an order extending the time for filing the notice of appeal by ten days, to December 12, 2010. The district court further acknowledged the filing of the defendant's notice of appeal within the extended deadline. The government does not contest the district

court's Rule 4(b)(4) extension. Accordingly, we conclude the appeal is not untimely.

Appeal Waiver. The government seeks to enforce the appeal waiver in defendant's plea agreement. *See United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In *Hahn*, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325.

The defendant argues that his proposed appeal falls outside the scope of his appeal waiver. Defendant's appeal waiver is broad. It provides:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.

Mot. to Enforce, Plea Agt. at 7-8.

The defendant contends that the scope of this waiver does not cover the district court's determination of the appropriate guideline range. In light of the plain language of the appeal waiver, stating that the defendant waived the right to

appeal "any matter in connection with . . .the components of the sentence," and any sentence "within the guideline range determined appropriate by the court," this argument is frivolous. Nothing in the appeal waiver or the record indicates that the defendant retained the right to appeal the manner in which the district court determined the guideline range. *See Hahn*, 359 F.3d at 1328. We conclude, therefore, that this appeal falls within the scope of the appeal waiver.

The defendant does not contend that he did not knowingly and voluntarily waive his appellate rights or that enforcing the appeal waiver would result in a miscarriage of justice. Thus, we need not address these factors. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Accordingly, we DENY the motion to dismiss as untimely, GRANT the motion to enforce the appeal waiver, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM